UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x
JOLLY ROGER OFFSHORE FUND LTD and  :
JOLLY ROGER FUND LP, Individually, and :
On Behalf of All Others Similarly Situated,   :   Electronically Filed
                                              :
                Plaintiff,                    :   Civil Action No.: 1:07-cv-03923-RWS
                                              :   (ECF Case)
        v.                                    :
                                              :   Hon. Robert W. Sweet
BKF CAPITAL GROUP, INC.,                      :
GLENN A. AIGEN and JOHN A. LEVIN,             :
                                              :
                Defendants.                   :
---------------------------------------------------------------- x

**MEMORANDUM OF LAW IN SUPPORT OF THE
MOTION OF THE JOLLY ROGER OFFSHORE FUND LTD AND
JOLLY ROGER FUND LP FOR APPOINTMENT AS LEAD PLAINTIFF
<u>AND APPROVAL OF SELECTION OF LEAD COUNSEL</u>**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................................iii

PRELIMINARY STATEMENT........................................................................................................1

STATEMENT OF FACTS ................................................................................................................3

ARGUMENT......................................................................................................................................4

I.  THE JOLLY ROGER FUNDS SHOULD BE APPOINTED LEAD PLAINTIFF............4

    A.  The Procedural Requirements Pursuant to the PSLRA....................................................4

    B.  The Jolly Roger Funds are the "Most Adequate Plaintiff"..............................................5

        1.  The Jolly Roger Funds Have Made a Motion for Appointment as Lead Plaintiff ..............................................................................................................5

        2.  The Jolly Roger Funds Have the Largest Financial Interest............................5

        3.  The Jolly Roger Funds Otherwise Satisfy Rule 23............................................6

            (a)  The Jolly Roger Funds Fulfill the Typicality Requirement....................7

            (b)  The Jolly Roger Funds Fulfill the Adequacy Requirement ..................8

        4.  The Jolly Roger Funds are the Prototypical Lead Plaintiff Envisioned by the PSLRA ........................................................................................................8

II.  THE COURT SHOULD APPROVE THE JOLLY ROGER FUNDS' CHOICE OF COUNSEL ................................................................................................................................9

CONCLUSION................................................................................................................................10

## **TABLE OF AUTHORITIES**

### **FEDERAL CASES**

*Aronson v. McKesson HBOC, Inc.*,
   79 F. Supp. 2d 1146 (N.D. Cal. 1999) ..................................................................................5

*In re Cendant Corp. Litig.*,
   264 F.3d 201 (3d Cir. 2001) .................................................................................................8

*Constance Sczesny Trust v. KPMG LLP*,
   223 F.R.D. 319 (S.D.N.Y. 2004) ......................................................................................2,7

*Glauser v. EVCI Career Colleges Holding Corp.*,
   236 F.R.D. 184 (S.D.N.Y. 2006) ......................................................................................5,7

*Montoya v. Mamma.com Inc.*,
   No. 05 Civ. 2313 (HB), 2005 WL 1278097 (S.D.N.Y 2005) ...........................................2,5

*In re Olsten Corp. Sec. Litig.*,
   3 F. Supp. 2d 286 (E.D.N.Y. 1998) ......................................................................................2

*In re Oxford Health Plans, Inc. Sec. Litig.*,
   182 F.R.D. 42 (S.D.N.Y. 1998) ............................................................................................7

*Pirelli Armstrong Tire Corp. Retiree Medical Benefits Trust v. LaBranche & Co., Inc.*,
   229 F.R.D. 395 (S.D.N.Y. 2004) ..........................................................................................8

*In re Waste Mgmt., Inc. Sec. Litig.*,
   128 F. Supp. 2d 401 (S.D. Tex. 2000) ..................................................................................9

*Weiss v. Friedman, Billings, Ramsey Group, Inc.*,
   No. 05-cv-04617 (RJH), 2006 U.S. Dist. LEXIS 3028 (S.D.N.Y. Jan. 26, 2005)………..............9

### **FEDERAL STATUTES**

15 U.S.C. § 78u-4(a)(3)(A) ............................................................................................................4

15 U.S.C. § 78u-4(a)(3)(A) ............................................................................................................4

15 U.S.C. § 78u-4(a)(3) ..................................................................................................................6

15 U.S.C. § 78u-4(a)(3) ..................................................................................................................6

15 U.S.C. § 78u-4(a)(3)(B) ............................................................................................................1

15 U.S.C. § 78u-4(a)(3)(B) ............................................................................................................4

15 U.S.C. § 78u-4(a)(3)(B) ............................................................................................................5

15 U.S.C. § 78u-4(a)(3)(B)(iii) ................................................................................................. 2

15 U.S.C. § 78u-4(a)(3)(B) ....................................................................................................... 9

Fed. R. Civ. P. 23 ..................................................................................................................... 7

Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C.
    § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 ........ 1

15 U.S.C. § 78u-4(a) ................................................................................................................ 4

The Jolly Roger Offshore Fund LTD and Jolly Roger Fund LP (the "Jolly Roger Funds") respectfully submit this Memorandum of Law in support of their motion, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA") and Rule 42 of the Federal Rules of Civil Procedure, for an order: (i) appointing the Jolly Roger Funds as lead plaintiff of a class of purchasers of the securities of BKF Capital Group, Inc. ("BKF" or the "Company"); and (ii) approving the Jolly Roger Funds' selection of Labaton Sucharow & Rudoff LLP ("Labaton Sucharow") as lead counsel for the Class.

## PRELIMINARY STATEMENT

This case involves allegations against BKF, which operated as an investment adviser through its wholly owned subsidiary, John A. Levin & Co., Inc., and certain of its officers and directors (collectively, "Defendants"), for violations of the federal securities laws stemming from Defendants' failure to control the operations and financial reporting of the Company. During the Class Period, as defined below, Defendants made or caused to be made a series of materially false or misleading statements about BKF's business, prospects and operations. Defendants' misstatements, which appeared in, among other places, the Company's Forms 10-Q and press releases during the Class Period, artificially inflated the price of BKF securities and caused substantial damages to the Class upon disclosure of the truth in October 2005.

On May 18, 2007, the Jolly Roger Funds filed a complaint in this Action in the U.S. District Court for the Southern District of New York, asserting claims under the Exchange Act.

Pursuant to the PSLRA, this Court should appoint the "most adequate plaintiff" to serve as Lead Plaintiff in the action. 15 U.S.C. § 78u-4(a)(3)(B)(i). In that regard, the Court should determine, among other things, which movant has the "largest financial interest" in the relief sought by the Class in this litigation and has made a *prima facie* showing that it is an adequate class

representative under Rule 23 of the Federal Rules of Civil Procedure.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

A broad body of case law in the Second Circuit establishes that four key factors should guide the Court's determination of the "largest financial interest": (1) the number of shares of the subject securities purchased; (2) the net number of securities purchased (offsetting the total number purchased by the total number sold); (3) the net funds expended by the movant to acquire those securities; and (4) the approximate losses suffered by the movant.  *See, e.g., Montoya v. Mamma.com Inc.*, No. 05 Civ. 2313(HB), 2005 WL 1278097, at *1 (S.D.N.Y. May 31, 2005); *Constance Sczesny Trust v. KPMG LLP*, 223 F.R.D. 319, 323 (S.D.N.Y. 2004); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998).[1]

Collectively, the Jolly Roger Funds purchased 185,600 shares of BKF common stock, making net purchases of 37,700 shares, expending $1,229,837 in net funds to acquire those securities, and suffering losses of $584,801 on either a last-in, first-out ("LIFO") basis or a first-in, first-out ("FIFO") basis.  To the best of its knowledge, the Jolly Roger Funds' losses represent the largest known financial interest of any Class member seeking to be appointed as lead plaintiff.  The Jolly Roger Funds are not aware of any other class member that has filed an action or filed an application for appointment as lead plaintiff that has sustained greater financial losses.  In addition, the Jolly Roger Funds satisfy each of the requirements of the PSLRA and Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") and, therefore, are qualified for appointment as lead plaintiff in the Action.  Thus, as demonstrated herein, the Jolly Roger Funds are the presumptive "most adequate plaintiff" and should be appointed Lead Plaintiff.

---

[1] *In re Olsten Corp.* is one of the earliest, and most cited, cases setting forth these four factors, which are commonly referred to as "*Olsten* factors."

**STATEMENT OF FACTS**

BKF, through its wholly owned subsidiary John A. Levin & Co., Inc., operates as an investment adviser primarily in the United States. The Company manages equity portfolios for institutions and wealthy individual investors, as well as a range of alternative investment products and other specialized investment programs. BKF's clients include domestic and foreign corporations, mutual funds, limited partnerships, universities, pension and profit sharing plans, individuals, trusts, not-for-profit organizations, and foundations.

Throughout the Class Period, the Defendants participated in a fraudulent scheme and course of business that operated as a fraud or deceit on purchasers of BKF securities by disseminating materially false and misleading statements and/or concealing material adverse facts. The scheme (i) deceived the investing public regarding BKF's business, prospects and operations; and (ii) caused class members to purchase BKF securities at artificially inflated prices. As salaries and expenses soared at BKF, returns dwindled, increasing the pressure on Defendants to produce more positive returns for investors during the Class Period. The Company's largest single shareholder, Steel Partners, launched a Proxy contest to replace defendant Levin and two other members of the Company's board at the Company's 2005 Annual Shareholder Meeting. Unknown to investors, however, these pressures caused defendants to issue materially false and misleading financial reports that violated Generally Accepted Accounting Principles.

It was only at the end of the Class Period, however, that investors ultimately learned that Defendants had failed to control the operations and financial reporting at the Company. On October 19, 2005, before the market opened, defendants revealed in a press release that the Company's financial reports, previously filed with the SEC were not reliable and that the financial reports dating back to the beginning of 2004 would need to be restated.

These disclosures caused the price of BKF shares to decline over $7.40 per share in one day, falling over 30%, and closing at just above $17.00 per share. Moreover, as the true facts about the Company became known to investors and as the full impact of defendants' scheme finally impacted BKF shares, the price of Company stock continued to decline – ultimately trading at just above $3.00 per share, its trading price as of the filing of the Action.

## ARGUMENT

**I.     THE JOLLY ROGER FUNDS
         SHOULD BE APPOINTED LEAD PLAINTIFF**

    **A.     The Procedural Requirements Pursuant to the PSLRA**

The PSLRA sets forth a detailed procedure for the selection of a lead plaintiff to oversee securities class actions brought pursuant to the Federal Rules of Civil Procedure. *See* 15 U.S.C. § 78u-4(a)(3). First, the plaintiff who files the initial action must, within 20 days of filing the action, publish a notice to the class informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i). The Jolly Roger Funds, which filed the complaint in this Action, published a notice on *Prime Newswire* on May 18, 2007. See Ellman Decl. Ex. C. This notice indicated that applications for appointment as lead plaintiff were to be made no later than July 17, 2007. Within 60 days after publication of the required notice, any member or members of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in this action. 15 U.S.C. § 78u-4(a)(3)(A) and (B).

Next, according to the PSLRA, the Court shall appoint as lead plaintiff the movant that the Court determines to be most capable of adequately representing the interests of class members within 90 days after publication of the initial notice of pendency. 15 U.S.C. § 78u-4(a)(3)(B)(i). In determining who is the "most adequate plaintiff," the Exchange Act provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that-
>
>> (aa) has either filed the complaint or made a motion in response to a notice . . .
>>
>> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>>
>> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure [pertaining to class actions].

15 U.S.C. § 78u-4(a)(3)(B)(iii); *Glauser v. EVCI Career Colleges Holding Corp.*, 236 F.R.D. 184, 187 (S.D.N.Y. 2006).

### B.  The Jolly Roger Funds are the "Most Adequate Plaintiff"

#### 1.  The Jolly Roger Funds Have Made a Motion for Appointment as Lead Plaintiff

Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the notice, the Jolly Roger Funds timely move this Court to be appointed lead plaintiff on behalf of all plaintiffs and class members covered by the Action and any other actions deemed related by this Court.

#### 2.  The Jolly Roger Funds Have the Largest Financial Interest

As noted above, the analysis central to appointing lead plaintiff focuses on a four-part test: (1) the number of shares purchased; (2) the number of net shares purchased; (3) the total net funds expended by the plaintiffs during the class period; and (4) the approximate losses suffered by the plaintiffs. *See Montoya v. Mamma.com Inc.*, 2005 WL 1278097, at *1. "These factors are useful, because they look to relatively objective indicators, such as number of shares purchased or sold, rather than to the ultimate question of damages." *Aronson v. McKesson HBOC, Inc.*, 79 F. Supp. 2d 1146, 1158 (N.D. Cal. 1999)

5

Based upon these factors, the Jolly Roger Funds believe that they have the largest financial interest in this litigation.

**Net Shares Purchased**:  Net shares purchased equals the number of shares purchased less the number of shares sold during the class period.  The Jolly Roger Funds are net purchasers of BKF shares because they bought 37,700 more shares than they sold during the Class Period.  See Certification and Loss Analysis, Ellman Decl. Ex. A and B.

**Net Funds Expended**:  The net funds expended on the subject securities during the class period equals the difference between the total funds spent to purchase those securities and the funds received from sales of those securities.  The Jolly Roger Funds expended $6,439,126 to purchase BKF stock during the Class Period, with net expenditures of $1,229,837.  *See* Certification and Loss Analysis, Ellman Decl. Ex. A and B.

**Approximate Losses:**  In determining a movant's approximate losses, courts have employed either the LIFO or FIFO method.  The Jolly Roger Funds suffered total losses of $584,801 when calculated using either method.  See Certification and Loss Analysis, Ellman Decl. Ex. A and B.

In sum, pursuant to 15 U.S.C. § 78u-4(a)(3)(B), the Jolly Roger Funds are believed to have the largest financial interest and should be appointed Lead Plaintiff in this Action.

### 3. The Jolly Roger Funds Otherwise Satisfy Rule 23

According to 15 U.S.C. § 78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification, only two – typicality and adequacy – directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification. *See In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) (holding that typicality and adequacy are the only relevant prerequisites to lead plaintiff selection under the PSLRA); *see also Sczensy Trust v. DiCamillo*, 223 F.R.D. 319, 323-24 (S.D.N.Y. 2004) (same). As detailed below, the Jolly Roger Funds satisfy both the typicality and adequacy requirements of Rule 23, thereby justifying its appointment as lead plaintiff.

### (a) The Jolly Roger Funds Fulfill the Typicality Requirement

Under Rule 23(a)(3), the claims or defenses of the representative party must be typical of those of the class. Typicality exists "where the claims of the Lead Plaintiff arise from the same course of conduct that gives rise to the claims of the other class members, where these claims are based on the same legal theory, and where the class members and Lead Plaintiff were injured by the same conduct." *Glauser*, 236 F.R.D at 188-89. However, the claims of the lead plaintiff need not be identical to the claims of the class to satisfy typicality. *See Sczensy Trust*, 223 F.R.D. at 325.

The Jolly Roger Funds seeks to represent a class of purchasers of BKF securities which have identical, non-competing and non-conflicting interests. The Jolly Roger Funds satisfy the typicality requirement because they: (1) purchased or acquired BKF securities during the Class Period; (2) at prices allegedly artificially inflated by defendants' materially false and misleading statements and/or omissions; and (3) suffered damages when the truth was disclosed to the market. *See Glauser*, 236 F.R.D. at 189 (discussing typicality requirement). Thus, the Jolly Roger Funds' claims are typical of

7

those of other class members since their claims and the claims of other class members arise out of the same course of events.

### (b) The Jolly Roger Funds Fulfill the Adequacy Requirement

Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." In order to meet the adequacy requirement, "(1) there should be no conflict between the interests of the class and the named plaintiff nor should there be collusion among the litigants; and (2) the parties' attorney must be qualified, experienced, and generally able to conduct the proposed litigation." *Pirelli Armstrong Tire Corp. Retiree Medical Benefits Trust v. LaBranche & Co., Inc.*, 229 F.R.D. 395, 413 (S.D.N.Y. May 27, 2004) (Sweet, J.). The Jolly Roger Funds' interests in this action are perfectly aligned with the interests of absent class members, and Labaton Sucharow, their selected lead counsel, has decades of experience in effectively prosecuting securities class actions. Accordingly, the Court can be assured that the Jolly Roger Funds and their selected counsel will more than adequately protect the interests of absent class members.

### 4. The Jolly Roger Funds are the Prototypical Lead Plaintiff Envisioned by the PSLRA

In addition to satisfying the preliminary requirements of Rule 23, the Jolly Roger Funds are precisely the type of large, sophisticated institutional investor – the prototypical Lead Plaintiff – envisioned by the framers of the PSLRA. As noted by Congress in the Statement of Managers, the PSLRA was enacted "to increase the likelihood that institutional investors will serve as lead plaintiff," in part, because "[i]nstitutional investors and other class members with large amounts at stake will represent the interests of the plaintiff class more effectively than class members with small amounts at stake." H.R. REP. NO. 104-369, at 34 (1995) (Conf. Rep.). Indeed, the Jolly Roger Funds are sophisticated institutional investors with vast resources to adequately litigate this action and supervise class counsel. *See In re Cendant Corp. Litig.*, 264 F.3d 201, 264 (3d Cir. 2001) (noting

that the legislative intent behind enacting the PSLRA was to encourage large institutional investors to serve as lead plaintiff); *see also Weiss v. Friedman, Billings, Ramsey Group, Inc.,* 2006 U.S. Dist. LEXIS 3028, at *3-4 (S.D.N.Y Jan. 26, 2005) (same). The Jolly Roger Funds have submitted their sworn certification demonstrating their desire to serve as Lead Plaintiff in this Action and their understanding of the attendant duties of serving as such. *See* Ellman Decl. Ex. A. Indeed, the Jolly Roger Funds instituted this Action on behalf of the Class, filing the only complaint seeking to recover for the losses suffered as a result of BKF's fraud. Thus, as demonstrated above, the Jolly Roger Funds are the prototypical lead plaintiff under the PSLRA.

## II. THE COURT SHOULD APPROVE THE JOLLY ROGER FUNDS' CHOICE OF COUNSEL

Pursuant to 15 U.S.C § 78u-4(a)(3)(B)(v), the lead plaintiff shall, subject to Court approval, select and retain counsel to represent the Class. *See Weiss*, 2006 U.S. Dist. LEXIS 3028, at *20. Labaton Sucharow & Rudoff LLP has had a leading role in numerous important actions on behalf of defrauded investors. Labaton Sucharow served as lead counsel in the Waste Management securities litigation, which resulted in a settlement of $457 million, one of the largest common-fund securities class action settlements ever achieved at that time. See Labaton Sucharow Firm Resume, Ellman Decl. Ex. D; *see also In re Waste Mgmt., Inc. Sec. Litig.*, 128 F. Supp. 2d 401, 432 (S.D. Tex. 2000) (stating that Labaton Sucharow "ha[s] been shown to be knowledgeable about and experienced in federal securities fraud class actions"). Also, Labaton Sucharow is currently serving as lead or co-lead counsel in the securities fraud cases against American International Group Inc., HealthSouth Corp., St. Paul Travelers Corp., and others. Thus, the Court may be assured that by granting this motion, the Class will receive the highest caliber of legal representation.

Because there is nothing to suggest that the Jolly Roger Funds or their counsel will not fairly and adequately represent the Class, or that the Jolly Roger Funds are subject to unique defenses – which is the only evidence that can rebut the presumption of adequacy under the Exchange Act –

this Court should appoint the Jolly Roger Funds as lead plaintiff and approve their selection of Labaton Sucharow & Rudoff LLP to serve as Lead Counsel for the Class.

## CONCLUSION

For the foregoing reasons, the Jolly Roger Funds respectfully request that the Court: (a) appoint the Jolly Roger Funds as Lead Plaintiff; and (B) approve Labaton Sucharow & Rudoff LLP as Lead Counsel for the Class.

Dated: July 17, 2007                                  Respectfully submitted,

**LABATON SUCHAROW
& RUDOFF LLP**

By:  /s/ *Christopher J. Keller*
Christopher J. Keller (CK-2347)
Andrei V. Rado (AR-3724)
Alan I. Ellman (AE-7347)
100 Park Avenue
New York, New York 10017
Telephone:    (212) 907-0700
Facsimile:     (212) 818-0477

*Attorneys for the Jolly Roger Funds and Proposed Lead Counsel for the Class*

**KAHN GAUTHIER SWICK, LLC**
Lewis Kahn
Michael A. Swick
650 Poydras St., Suite 2150
New Orleans, LA 70130
Telephone: (504) 455-1400
Facsimile: (504) 455-1498