```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------X

JOLLY ROGER OFFSHORE FUND LTD and
JOLLY ROGER FUND LP, Individually and
On Behalf of All Others Similarly
Situated,

                Plaintiff,              07 Civ. 3923 (RWS)

    -against-                            OPINION

BKF CAPITAL GROUP, INC., GLENN A. AIGEN,
and JOHN A. LEVIN,

                Defendants.

-------------------------------------X
```

A P P E A R A N C E S :

Attorneys for Plaintiff

LABATON SUCHAROW & RUDOFF LLP
100 Park Avenue
New York, NY 10017
By:  CHRISTOPHER J. KELLER, ESQ.
     ANDREI V. RADO, ESQ.
     ALAN I. ELLMAN, ESQ.

KAHN GAUTHIER SWICK, LLC
650 Poydras St., Suite 2150
New Orleans, LA 70130
By:  LEWIS KAHN, ESQ.
     MICHAEL A. SWICK, ESQ.

Attorneys for Defendant BKF Capital Group, Inc.

PROSKAUER ROSE LLP
1585 Broadway
New York, NY 10036
By:  LOUIS M. SOLOMON, ESQ.
     MARGARET ANTINORI DALE, ESQ.

<u>Attorneys for Defendants Glenn A. Aigen and John A. Levin</u>

LATHAM & WATKINS, LLP
885 Third Avenue, Suite 1000
New York, NY 10022
By: BLAIR G. CONNELLY, ESQ.
    DAVID M. BRODSKY, ESQ.
    ROBERT JOHN MALIONEK, ESQ.

**Sweet, D.J.**

Plaintiff, the Jolly Roger Offshore Fund LTD and Jolly Roger Fund LP ("Plaintiff" or the "Jolly Roger Funds") has moved pursuant to Section 21D(a)(3) of the Securities and Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act (the "PSLRA"), 15 U.S.C. § 78u-4, and Rule 42, Fed. R. Civ. P., for appointment as lead plaintiff of a class of purchasers of the securities of BKF Capital Group, Inc. ("BKF"). Plaintiff has also moved for approval of its selection of Labaton Sucharow & Rudoff LLP as lead counsel for the class. For the reasons set forth below, the motion is granted.

**Prior Proceedings**

This action was commenced on May 18, 2007, with the filing of a complaint by the Jolly Roger Funds. That same day, Plaintiff caused the requisite notice of the action to be published on PrimeNewswire.

The Complaint sets forth a federal class action on behalf of purchasers of the common stock of BKF between May 10, 2004, and October 18, 2005 (inclusive). The Complaint alleges that the defendants "published a series of materially false and

1

misleading statements that defendants knew and/or recklessly disregarded were false and materially misleading at the time of publication, and that omitted to reveal material information necessary to make defendants' statements, in light of such material omissions, not materially false and misleading." (Compl. ¶ 1.) Specifically, the complaint asserts claims for: (1) violation of Section 10(b) of the Exchange Act and Rule 10b-5 as against all the defendants (id. ¶¶ 87-97); and (2) violation of Section 20(a) of the Exchange Act as against the individual defendants (id. ¶¶ 98-101).

On July 17, 2007, Plaintiff filed the instant motion for appointment as lead plaintiff and approval of its selection of lead counsel. The motion was considered fully submitted on August 8, 2007. The motion was unopposed and there were no other competing motions filed.

**The Parties**

The following descriptions are based on information contained in the Complaint and do not constitute any findings of fact by the Court.

The Jolly Roger Funds claim to have been a purchaser of BKF securities during the proposed class period and alleges that

it was economically damaged as a result of purchasing the securities at artificially inflated prices. (Id. ¶ 12.)

Defendant BKF is a Delaware corporation with its principal place of business in New York City. The Complaint indicates that during the proposed class period, BKF operated as an investment advisor through a wholly owned subsidiary, John A. Levin & Co., Inc. (Id. ¶ 13.)

Defendant John A. Levin was, during the class period, Chairman of the Board of BKF and Chairman and CEO of John A. Levin & Co., Inc. (Id. ¶ 14.)

Defendant Glenn A. Aigen was, during the proposed class period, CFO and Senior Vice President of BKF and CFO of John A. Levin & Co., Inc. (Id. ¶ 15.)

## Discussion

In 1995, Congress enacted the PSLRA in order to address perceived abuses in securities fraud class actions. See S. Rep. No. 104-98 (1995), reprinted in 1995 U.S.C.C.A.N. 679; H.R. Rep. No. 104-369 (1995) (Conf. Rep.), reprinted in 1995 U.S.C.C.A.N. 730 ("House Report"). The PSLRA was intended to prevent "lawyer-driven" litigation, and to ensure that parties with significant

3

financial interests in the litigation "will participate in the litigation and exercise control over the selection and actions of plaintiffs counsel." In re Oxford Health Plans, Inc. Sec. Litig., 182 F.R.D. 42, 43-44 (S.D.N.Y. 1998) (quoting House Report at 731); see also In re Initial Pub. Offering Sec. Litig., 214 F.R.D. 117, 123 (S.D.N.Y. 2002); In re Donnkenny Inc. Sec. Litig., 171 F.R.D. 156, 157-58 (S.D.N.Y. 1997). This goal could best be achieved, according to Congress, by encouraging institutional investors to serve as lead plaintiffs. See Sofran v. LaBranche & Co., Inc., 220 F.R.D. 398, 403 (S.D.N.Y. 2004); In re Oxford Health Plans, 182 F.R.D. at 46.

Accordingly, the PSLRA sets forth a procedure governing the appointment of a lead plaintiff or plaintiffs in "each action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1).

### 1. The Notice and Filing Requirements Are Satisfied

First, under the PSLRA, the plaintiff who files the initial action must, within twenty days of filing the action, publish a notice informing class members of their right to file a motion for appointment as lead plaintiff. See 15 U.S.C. § 78u-4(a)(3)(A)(i). Plaintiff here caused notice to be published on PrimeNewswire on May 18, 2007, the same day that the Complaint

4

was filed. (Declaration of Alan I. Ellman, July 17, 2007 ("Ellman Decl."), Ex. C.)  As PrimeNewswire is a suitable vehicle for meeting the statutory requirement that notice be published, see 15 U.S.C. § 78u-4(a)(3)(A)(i), the notice otherwise meets the statutory requirements, see id. § 78u-4(a)(3)(A)(i)(I)-(II), and no challenges to the adequacy of the May 18, 2003, notice have been raised, the notice requirement is deemed satisfied.

Within sixty days after publication of the required notice, any member or members of the proposed class may apply to the court to be appointed as lead plaintiff(s). See 15 U.S.C. § 78u-4(a)(3)(A)(i)(II).  Plaintiff so moved on July 17, 2007, the last of the applicable sixty days.  Therefore, the filing requirement is also deemed satisfied.

2.   **The Jolly Roger Funds Are Presumed to Be the Most Adequate Plaintiff**

The PSLRA next provides that within ninety days after publication of the notice, the court shall consider any motion made by a class member and shall appoint as lead plaintiff(s) the member or members of that class that the court determines to be most capable of adequately representing the interests of the class members. See 15 U.S.C. § 78u-4(3)(B)(i).  In determining the "most adequate plaintiff," the PSLRA provides that:

5

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that -
>
> (aa) has either filed the complaint or made a motion in response to a notice ...;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); see also Weinberg v. Atlas Air Worldwide Holdings, Inc., 216 F.R.D. 248, 252 (S.D.N.Y. 2003); Albert Fadem Trust v. Citigroup, Inc., 239 F. Supp. 2d 344, 347 (S.D.N.Y. 2002).

Plaintiff has both filed a complaint and submitted a timely motion for lead plaintiff status, thereby satisfying the first requirement.

### a. The Jolly Roger Funds Are Deemed to Have the Largest Financial Interest

According to the papers submitted, the Jolly Roger Funds were a net purchaser of BKF shares, having purchased 37,700 more shares than they sold during the proposed class period. (Pl.'s Mem. in Supp 6; Ellman Decl., Exs. A & B.) The Jolly Roger Funds' net expenditures for purchasing BKF stock during the proposed class period were $1,229,837 and they suffered an

6

estimated loss of $584,801. (Pl.'s Mem. in Supp 6; Ellman Decl., Exs. A & B.)

Since the Jolly Roger Funds' motion to serve as lead plaintiff is uncontested and their financial interest in this matter has been asserted, the second requirement is deemed to be satisfied as well. See Martingano v. Am. Int'l Group, Inc., Nos. 06CV1625(JG)(JMA), 06CV2014(JG)(JMA), 2006 WL 1912724, at *4 (E.D.N.Y. July 11, 2006) (citing In re Symbol Techs. Inc. Sec. Litig., No. 05-CV-3923(DRH)(JO), 2006 WL 1120619, at *2 (E.D.N.Y. Apr. 26, 2006) (granting unopposed lead plaintiff motion by movant with an estimated loss of $182,236); Fitzgerald v. Citigroup Inc., No. 03 Civ. 4305, 2004 WL 613107, at *3 (S.D.N.Y. Mar. 26, 2004) (finding $413,772.30 loss constituted the largest financial interest where no movant with a larger financial stake came forward)).

b. **The Jolly Roger Funds Preliminarily Satisfy the Relevant Requirements of Rule 23**

Once the court "'identifies the plaintiff with the largest stake in the litigation, further inquiry must focus on that plaintiff alone and be limited to determining whether he satisfies the other statutory requirements.'" Sofran, 220 F.R.D. at 402 (quoting In re Cavanaugh, 306 F.3d 726, 732 (9th Cir. 2002) (observing that the district court's belief that "another

7

plaintiff may be 'more typical' or 'more adequate' is of no consequence. So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, he is entitled to lead plaintiff status, even if the district court is convinced that some other plaintiff would do a better job.")); see also In re Cendant Corp. Litig., 264 F.3d 201, 262 (3d Cir. 2001) ("Once the court has identified the movant with 'the largest financial interest in the relief sought by the class,' it should then turn to the question whether that movant 'otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure' . . . .").

Rule 23(a) of the Federal Rules of Civil Procedure provides that a party may serve as a class representative only if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). However, of the four prerequisites to class certification, "[t]he moving plaintiff must make only a preliminary showing that the adequacy and typicality requirements under Rule 23 have been met." Weinberg, 216 F.R.D. at 252 (citing In re Crayfish Co. Sec. Litig., No. 00 Civ. 6766(DAB), 2002 WL

8

1268013, at *4 (S.D.N.Y. June 6, 2002); Weltz v. Lee, 199 F.R.D. 129, 133 (S.D.N.Y. 2001)). "In fact, a 'wide ranging analysis under Rule 23 is not appropriate [at this initial stage of the litigation] and should be left for consideration of a motion for class certification.'" Weinberg, 216 F.R.D. at 252 (quoting In re Party City Sec. Litig., 189 F.R.D. 91, 106 (D.N.J. 1999)).

### i.   Typicality

Typicality exists if claims "arise from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." In re Drexel Burnham Lambert Group, Inc., 960 F.2d 285, 291 (2d Cir. 1992), cert. dismissed sub nom. Hart Holding Co. Inc. v. Drexel Burnham Lambert Group, Inc., 506 U.S. 1088 (1993); see also Glauser v. EVCI Career Colls. Holding Corp., 236 F.R.D. 184, 188-89 (S.D.N.Y. 2006) (citing Dietrich v. Bauer, 192 F.R.D. 119, 124 (S.D.N.Y. 2000)). The claims of class representatives need not be identical to the claims of the class to satisfy the typicality requirement. In that regard, courts have recognized that "[t]he possibility of factual distinctions between the claims of the named plaintiffs and those of other class members does not destroy typicality, as similarity of legal theory may control even in the face of differences of fact." In re Prudential Sec., Inc. Ltd. P'ships Litig., 163 F.R.D. 200, 208 (S.D.N.Y. 1995).

9

The Jolly Roger Funds seek to represent a class of purchasers of BKF securities in a class action against BKF and the individual defendants for violations of the Exchange Act. The Jolly Roger Funds: (1) purchased or acquired BKF securities during the class period; (2) at prices allegedly artificially inflated by defendants' materially false and misleading statements and/or omissions; and (3) suffered damages when the truth was disclosed to the market. The Jolly Roger Funds' claims and the claims of other class members would therefore arise out of the same course of events. Since the lead plaintiff motion is unopposed and no other complaints have been brought to the Court's attention, it is also presumed that the purported class members would all be asserting similar legal arguments to prove the liability of the defendants here. The Jolly Roger Funds therefore are therefore deemed to satisfy the typicality requirement.

### ii. Adequacy

Under Rule 23(a)(4), the representative party must also "fairly and adequately protect the interests of the class." In order to satisfy the adequacy requirement of Rule 23(a):

> (1) there should be no conflict between the interests of the class and the named plaintiff nor should there be collusion among the litigants; and (2) the parties'

10

        attorney must be qualified, experienced, and generally able to conduct the proposed litigation.

In re AOL Time Warner, Inc. Sec. & "ERISA" Litig., No. MDL 1500, 2003 WL 102806, at *2 (S.D.N.Y. Jan. 10, 2003) (quoting Jackson v. Foley, 156 F.R.D. 538, 543 (E.D.N.Y. 1994)). In addition, the lead plaintiff should have a "sufficient interest in the outcome to ensure vigorous advocacy." Fitzgerald v. Citigroup, Inc., No. 03 Civ. 4305(DAB), 2004 WL 613107, at *4 (S.D.N.Y. Mar. 26, 2004) (citing In re Olsten Corp. Sec. Litig., 3 F. Supp. 2d 286, 296 (E.D.N.Y. 1998)).

    There is no indication in the papers submitted on this motion that Plaintiff has interests antagonistic to those of the proposed class, or that selected counsel is not qualified and able to conduct the proposed litigation. Also, Plaintiff has alleged a financial injury, has filed both a complaint and a motion to be appointed lead plaintiff, and has retained competent counsel, thereby demonstrating its interest in the outcome of the litigation.

    Plaintiff is therefore deemed to satisfy the adequacy requirement as well.

    c.    **The Presumption in the Jolly Roger Funds' Favor Is Not Rebutted**

In the final step of the lead plaintiff appointment process, any competing movants and any other members of the purported class are given the opportunity to rebut the presumption that the movant is the most adequate lead plaintiff. "[T]his presumption may be rebutted only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff ... will not fairly and adequately protect the interests of the class; or ... is subject to unique defenses that render such plaintiff incapable of adequately representing the class." Metro Services Inc. v. Wiggins, 158 F.3d 162, 164 (2d Cir. 1998) (quoting 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)).

Since the motion is uncontested, the presumption that Plaintiff is the most adequate lead plaintiff has not been rebutted.

3.    **Labaton Sucharow & Rudoff LLP Is Appointed Lead Counsel**

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), the lead plaintiff shall, subject to the court's approval, select and retain counsel to represent the class. In that regard, Plaintiff has selected and retained Labaton Sucharow & Rudoff LLP and

proposed that Labaton Sucharow & Rudoff LLP serve as lead counsel for the class.

Based on the materials submitted and that the motion is uncontested, Plaintiff's selection of Labaton Sucharow & Rudoff LLP as lead counsel is approved.

## Conclusion

For the reasons stated above, the motion of the Jolly Roger Funds to be appointed lead plaintiff is granted and the Jolly Roger Funds are hereby appointed Lead Plaintiff. In addition, the motion to approve Labaton Sucharow & Rudoff LLP as lead counsel is granted and Labaton Sucharow & Rudoff LLP is appointed Lead Counsel.

It is so ordered.

New York, NY
August /4, 2007

ROBERT W. SWEET
U.S.D.J.

13